Could we hear from the parties in Patsy's Italian Restaurant versus Patsy's, Inc.? Good morning, Your Honors. May it please the Court, my name is Rebecca Stumping-Coyle. On behalf of the appellants, Patsy's, Inc., IOB Realty, Inc., for the Court's knowledge, I've reserved three minutes for rebuttal. Your Honors, in this case, it was clear error for the District Court to hold that use was not required to maintain a federal registration, particularly when none of the exceptions under 15 U.S.C. 1058 applied or were even argued to apply by the appellees. As the Special Master had noted in his report and recommendation, the maintenance of the 5501 registration was merely punitive, particularly in fact of the Special Master's factual determination that the appellee was no longer using the mark in the registration. Patsy's Pizzeria had had a federal registration for the mark Patsy's Pizzeria a few years ago, but this was lost in large part due to arguments made by the Trademark Board that Patsy's Pizzeria had lost interest in maintaining its registration while at the same time being aware that in an earlier appeal for a different case before this Court, the parties were hotly contesting the registration and the mark. Is the issue whether the District Court abused its discretion in denying the contempt motion? I think it is a mix of an abuse of discretion and one of clear error, because the abuse of discretion would The overall question is whether the District Court properly denied the motion for contempt. That is the overall question. I agree, Your Honor, and that is an abuse of discretion standard. However, the And the reasoning was really that the mark that was being asserted was beyond the scope of the original litigation. And the credo language of the injunction. I think that the District Court adopted the Special Master's Report recommendation for these purposes whole cloth. The Special Master, when he was referring to something being outside the scope of the current case, it was in the section where he was discussing the activity before the Patent and Trademark Office, which is not use of a mark, but the maintenance of a federal registration. That is a fact, finding that's subject to clear error. That's your view? That the, I'm sorry, would you exactly That it falls outside of the, it's not an issue and it's not part of the registered mark. That the registration was outside the scope or the mark was outside the scope? The mark was outside the scope. The, I don't think that the Special Master even considered whether the mark, not the registration, which is distinct, that the mark was outside the scope. Because the injunction, as the District Court made clear repeatedly, the injunction is, you are Patsy's Italian Restaurant, you are Patsy's Pizzeria. He said, that is my order, this transcript is my order. The decree to language of the injunction enjoined the using the mark Patsy's alone in any advertising signs, menus, or anything similarly associated with their establishments. So, to the extent Patsy's of New York was used, the District Court concluded that wasn't what the injunction had clearly prohibited and so it decided not to impose or not to find the party in contempt. Why is that error? I disagree that that's what the District Court held. During the January 2015 contempt hearings, Judge Reyes took the time to read through a large portion of his opinion and order where it went into more detail as to the underlying of the injunction. The opinion is not the injunction and we have made clear that a party can be found in contempt only if the injunction order is clear and unambiguous in what it is prohibiting. And so, I don't know where you've got anything in the injunction other than a prohibition on the use of the mark Patsy's alone. During the January 2015 hearing, Judge Reyes clarified his order during the transcript and said you are Patsy's Pizzeria, you are Patsy's Italian Restaurant, this transcript is my order. Did the injunction address Patsy's of New York at all? The injunction is set up not as in a you are prohibited from using X, Y, E. Did it refer to the mark Patsy's of New York? No, because it only allowed use of one specific Patsy's mark. Would you agree that because it didn't even refer to the mark that perhaps there's some ambiguity as to whether Patsy's of New York is covered? I would respectfully submit that any ambiguity was cleared up during the January 2015 hearing. Okay. Thank you. Anything else? The only other thing I would add, Your Honors, is that as admitted by the appellee in their brief in this case, they are required to use, they refer to the opinion and order which Judge Reyes entered into the record in January 2015 stating you are to use, you are not prohibited from using Patsy's alone without any other identifying words. And then what Judge Reyes says is consequently you are Patsy's Italian Restaurant. The appellee has twisted this to say and you are Patsy's Italian Restaurant to try to separate out the two. How is the statement by Judge Reyes that you're relying on clearly exclusive? I mean, it told the parties what they were to use, but where did it make clear that that was clearly exclusive? I mean, I ask that because if they had changed it to, you know, X, Y, Z pizzeria, I don't think you'd be in here arguing that they had violated any injunction. So you've got the judge telling them you use Patsy's Italian Restaurant, you use Patsy's Pizzeria, and there's an injunction precluding the use of Patsy's alone. And what they go on to do is say, call themselves Patsy's of New York. And I'm not sure where any of this makes clear to a party that they could not do that. Well, Your Honor, I would submit that the appellee was perfectly aware of what the injunction said, because in the original appeal— Tell us where the injunction clearly says that not only could they not use Patsy's alone, but that the only thing they could do was refer to themselves in the way Judge Reyes alluded to at the hearing. Because in the hearing and in the paper submitted by the district court, in his opinion and order, he says, you are adjoined from using Patsy's alone without any other identifying words to identify your respective services. Consequently, you are ordered to refer to yourselves as Patsy's Italian Restaurant. And I would also submit, Your Honor, that— How is it clear that that's—as I said, are you suggesting that if they had referred to themselves as XYZ Pizzeria, they would be in violation of this order? No, Your Honor, it's not the more descriptive elements of the party's marks that are at the issue. The issue is the use of marks including the word Patsy's. If they refer to themselves as—for example, they wanted to use Patsy's Trattatoria— Including the word Patsy's with anything else? Yeah. During the hearing, for example, the appealee argued, well, we think we are entitled to use the mark Patsy's Restaurant, Patsy's Trattatoria, because Patsy's Italian Restaurant is a mouthful. There's words to that effect. And Judge Reyes was perfectly clear that his instruction to use Patsy's Italian Restaurant was not a suggestion. That was his order. All right. Thank you. We'll hear from your adversary. Excuse me. Excuse me. Good morning, Your Honors. Norman Zivin of Cooper & Dunham representing Patsy's Italian Restaurant and Patsy's Brands. May it please the Court. This is simply an appeal from a denial of a contempt motion. Contempt requires clear and convincing evidence before the district court. There was no evidence at all, either at the trial or at any hearing or at any other place regarding Patsy's of New York. It was not the subject of any order. It was not the subject of any judgment. It was not the subject of any testimony, witnesses, documents, or anything else. It was a registration that our client had going back to 2006, well known to the pizzeria because it was cited by the trademark office against them. They took no action. There was no activity whatsoever with respect to that mark. Your adversary says that Judge Reyes did specifically say, and I'm quoting, that you were ordered to refer to their restaurant using the mark Patsy's Italian Restaurant. Now, what made you think that you had the ability to refer to yourself as something else? It doesn't say only Patsy's Italian Restaurant. Well, you were ordered to refer to yourself by that name. That was not in the injunction. It was not in the order. It was part of his opinion. It was something he said at a hearing. But the bottom line is, we are using Patsy's Italian Restaurant. Our client, the restaurant, uses Patsy's Italian Restaurant on all of its signs, its menus, its website, on everything that it has. It says Patsy's Italian Restaurant. We are in compliance with the order. But you're currently using Patsy's of New York. That's- We're using both. We're using both. But we're using Patsy's Italian Restaurant. That's what we were ordered to do, according to Judge Reyes and his comments on the record. But we are also- How are you using both? I mean, and what's the context for the two names? Well, I think the easiest thing is to look at the signs, or some of them. Some of the signs just say Patsy's Italian Restaurant. Others have a composite mark. You can see it on the menu, which is part of the record. Which page in the record are you referring to? Yes, Your Honor. It's A875. But what we are doing is we have a composite. It says Patsy's Italian Restaurant. It says of New York below it. And then below here it says Patsy's Italian Restaurant of New York. So we are using Patsy's Italian Restaurant. There's no violation of any injunction or order. Do you ever use Patsy's of New York by itself without Patsy's Italian Restaurant? It's always in a composite form. Sometimes it's in a different location, but Italian Restaurant is always adjacent to Patsy's. And of New York is adjacent to Patsy's. So we're using a composite of both trademarks. You can see in the canopy in the next couple of pages. So in the canopy, its use is slightly different, but basically it's got the same words in it. Patsy's of New York, yeah, Patsy's Italian Restaurant of New York. So there's no clear, and there was no clear and convincing evidence. In fact, it wasn't even argued that there was anything wrong about Patsy's of New York. They are seeking relief regarding a mark which was not the subject of any order or judgment. It wasn't even within the spirit or scope of any judgment or order. It was beyond the litigation as the special master and the magistrate judge so found. Their entire brief is an argument about what should have happened before the trademark office. That's a registration issue, it's not the subject of an injunction. It's a matter which is raised before the trademark office. Indeed, the trademark office recently considered it and concluded that we had sufficient use of Patsy's of New York to maintain the trademark registration that goes back to 2006. Your honors, we submit that there's no contempt, there's no abuse of discretion. That the arguments indeed border on the insubstantiality of an argument. And just in passing one sentence, a good part of the appellant's brief is devoted to an ad hominem attack upon myself and my law firm. I'm not going to respond to that ad hominem attack, but I believe that it was improper and has nothing to do with this case. We ask that the district court's order be affirmed. Thank you. Thank you. Will you reserve three minutes? Your honors. Are you aware of any usage of Patsy's of New York by itself? That is without Patsy's Italian Restaurant of New York. Since the matter was referred to the special master, the special master made clear that the parties were not to be going to each other's locations. So we have been relying on the special master's policing of it to that extent. And- So what's the answer to my question? The answer would be no, but the fact isn't just that the use or the non-use, it goes to the fundamental aspects of the trademark law. That if you are prohibited from using a mark, you cannot have a registration- Why isn't that a registration issue for the trademark office? And aren't we talking about whether there's an abuse of discretion in denying the motion for contempt here? Yes, and your honors, I would submit that it was an abuse of discretion to not invoke the powers of 15 U.S.C. 1119. Because the failure, allowing them to maintain a registration for a mark they are prohibited from using is an abuse of discretion. It rests on a legal inaccuracy and is outside the bounds of accepted precedence. I would also submit that the use of the Patsy's of New York was brought up in front of the district court during the underlying trial in 2008, I believe. They had begun expanding their use of that mark. It began to become a problem and we had raised it with the court. And then the appeals happened and we were occupied with them and other avenues as well. Also, the party, the athletes are not using the mark Patsy's of New York. They are prohibited from using the mark Patsy's of New York. That's why they are not using Patsy's of New York. They are using Patsy's Italian Restaurant of New York. Their own actions show that they understand the prohibition from using Patsy's of New York in and of itself without the inclusion of the Italian restaurant. There is no record that they are using Patsy's of New York standing alone. Correct. And they are prohibited from using it. And that is the basis for the district court to invoke its powers under the Lanham Act to direct the commissioner to cancel the registration. Because you cannot maintain a registration for a mark you cannot use. And so the violation you're here complaining about is them using Patsy's Italian Restaurant of New York? No, your honor. Well, what on earth are you complaining about? You just said to us they're not using Patsy's of New York. The problem is that they are maintaining a registration for a mark they are not using that they cannot use. Yes, but you're asking for the registration to be canceled as a consequence of their contempt. So we don't even get to cancellation of the registration until you tell us what they're in contempt of. The maintenance of the registration in and of itself is a contempt because you cannot maintain a registration without using it. If you're going to maintain a registration- Where does the injunction tell them that they have to withdraw registration? Where does it clearly establish that obligation? I don't think it's the obligation of the court to set forth every possible- No, the contempt requires the order to be clear as to what is expected. So where does it in any way suggest that there has to be a withdrawal of a registration? It's in the underpinnings of the trademark law, which ties use to registration, your honors. Okay, thank you. We're going to take the matter under advisement. Thank you very-